UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRENCE L. HEAVEN,

        Plaintiff,

v.

        Case No. 3:21-cv-710-MMH-MCR

FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.

## ORDER

Plaintiff Terrence L. Heaven, an inmate of the Florida penal system, initiated this action on July 19, 2021, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1).[1] In the Complaint, Heaven names the following Defendants: (1) the Florida Department of Corrections (FDOC); (2) Warden Don Davis; (3) Assistant Warden Jeffrey McClellan; (4) Lieutenant (retired) D. Cauwenberghs; (5) Sergeant T. Alexander; (6) FDOC Secretary Mark Inch; (7) Sergeant W. Rogers; (8) L. Thompson, a grievance coordinator;

---

[1] For all referenced documents, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

and (9) Armbrust, a legal mail officer. He asserts that Defendants violated his federal constitutional rights when they engaged in criminal activity and terrorized him from August 14, 2019, through April 23, 2020, when he was housed on maximum management at Florida State Prison (FSP) as a retaliatory measure for filing grievances. As relief, he seeks "justice" against Defendants and FSP officers "who commit crimes against the inmate population daily without any worry of accountability." Complaint at 16.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[2] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered

---

[2] Heaven has neither paid the filing fee nor filed an application to proceed as a pauper. As such, for purposes of the Court's required screening, the Court will assume Heaven intends to proceed as a pauper.

2

when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the Prison Litigation Reform Act mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[3] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation" in § 1983 cases. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556 57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cnty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less

4

stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010)); Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017).

To the extent Heaven asserts any claims against the FDOC, state and governmental entities that are considered "arms of the state" are not "persons" subject to liability for purposes of 42 U.S.C § 1983 action. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). The FDOC is an arm of the executive branch of state government, see Fla. Stat. § 20.315, and thus is not a person for purposes of § 1983 litigation.

According to Heaven, Defendants and other FSP officers engage in criminal activity against inmates "daily without any worry of accountability." Complaint at 16. Insofar as Heaven complains that other inmates suffered the same injustices that he experienced as a result of Defendants' actions, the general provision permitting parties to proceed pro se, see 28 U.S.C. § 1654,

provides "a personal right that does not extend to the representation of the interests of others." Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008); Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014). Plaintiff may represent his own interests. However, he may not represent other inmates' interests.

Additionally, a complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civil P. 8(a)(2). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A plaintiff must allege sufficient facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to state a claim to relief that is plausible on its face. It is well-established that inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977); see Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003). To state a claim for denial of access to the

courts, a plaintiff must allege an actual injury. Lewis v. Casey, 518 U.S. 343, 349-50 (1996); Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." Barbour, 471 F.3d at 1225 (citations omitted). Therefore, "the plaintiff must identify within his complaint, a 'nonfrivolous, arguable underlying claim.'" Id. at 1226 (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)). Additionally, the plaintiff must show that the underlying nonfrivolous claim was raised, or would have been raised, in connection with a direct appeal, a collateral attack on his conviction, or a civil rights action. Lewis, 518 U.S. at 354 57; Cranford v. Nev. Dep't of Corr., 398 F. App'x 540, 546-47 (11th Cir. 2010).

Here, Heaven fails to assert that Defendants' conduct resulted in an "actual injury," as defined by the Eleventh Circuit. He has not provided any facts suggesting that Defendants' conduct frustrated or impeded his ability to pursue a nonfrivolous claim in connection with a direct appeal, a collateral attack on his conviction, or in a civil rights action. As to any complaints about unprofessional or negligent conduct by Defendants in failing to timely provide his property, the law is well-settled that the Constitution is not implicated by the negligent acts of corrections officials. See Daniels v. Williams, 474 U.S. 327,

7

330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials.").

To the extent Heaven complains that some of his property is missing, he does not allege any facts suggesting how the institution failed to provide him with due process. Regardless, the Due Process Clause is not offended when a state employee intentionally deprives an individual of his property if the State provides him with a meaningful post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Jackson v. Hill, 569 F. App'x 697, 698 (11th Cir. 2014) (per curiam); Taylor v. McSwain, 335 F. App'x 32, 34 (11th Cir. 2009). For a deprivation of property, Heaven has an available, adequate post-deprivation remedy under state law. "Under Florida law, [a plaintiff] can sue the officer[] for the conversion of his personal property." Jackson, 569 F. App'x at 698 (citing Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009)).

According to Heaven, Defendants engaged in criminal activity, including property theft, mail fraud, forgery, aiding and abetting others in criminal acts, and being accessories after-the-fact to crimes associated with a campaign of harassment. Insofar as Heaven is requesting that this Court criminally charge Defendants for subjecting him and his fellow inmates to alleged injustices, this Court has no authority to file criminal charges or to direct that charges be filed.

8

Finally, to the extent Heaven requests that this Court reprimand the Defendants and/or terminate their employment, this Court does not have the authority to reprimand state employees and/or terminate their employment.

Additionally, Heaven describes an environment where officers bugged his cell and whispered threats, which ultimately resulted in nightmares and mental instability. See Complaint at 15-17. According to Heaven, he felt as if Defendants and their fellow officers "were hunting down and murdering [his] family." Id. As to any alleged verbal abuse (including threatening or demeaning comments) or insulting gestures on the part of Defendants, such allegations do not state a claim of federal constitutional dimension. Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (per curiam). To the extent Heaven alleges that Defendants belittled him, verbal taunts without more do not deprive an inmate of his federal constitutional rights. See Paylan v. Dirks, 847 F. App'x 595, 601 (11th Cir. 2021) (citation omitted). Nor can Heaven's assessment of comments made about Heaven's father's death support an inference of deliberate indifference. See Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) ("It is not a violation of the Eighth Amendment for a prison physician to consult with a prisoner concerning a medical condition in an aloof or unfriendly way. Much more is required.") (citation and footnote omitted). As to Heaven's interest in addressing any ongoing violations related to his mental

9

health, including any paranoia, he may contact his classification officer to inquire about any concerns he may have about access to sick call and/or physicians, including mental health professionals, to evaluate his mental health condition and determine if he needs any remedial treatments.

In light of the foregoing, this case will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Heaven's right to refile his claims under 42 U.S.C. § l983 with factual allegations sufficient to support a claim under § 1983 against the proper Defendants, if he elects to do so. Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. The Clerk of Court will be directed to provide a civil rights complaint form and Affidavit of Indigency form to Heaven. If Heaven chooses to refile a civil rights complaint in this Court to address any alleged federal constitutional violations, he must submit a fully completed civil rights complaint form with an original signature and must submit a copy of the form for each Defendant for service of process. Heaven either must pay the $402.00 filing fee or file a fully completed Affidavit of Indigency form.

Accordingly, it is now

**ORDERED AND ADJUDGED**:

1. This case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

3. The Clerk shall send a civil rights complaint form and an Affidavit of Indigency form to Plaintiff. If he elects to refile his claims, he may complete and submit the proper forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In initiating such a case, Plaintiff should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) or pay the $402.00 filing fee (if he does not desire to proceed as a pauper).

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of July, 2021.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-1 7/23
c:
Terrence L. Heaven, FDOC # 621304